UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW STATES
------------------------------------------------------------------x
In re                                                                Chapter 7

JESSE NAJJAR.,                                                       Case No. 06-10895

                              Debtor.
------------------------------------------------------------------x
JACK LEFKOWITZ,
                              Plaintiff,
        -against-                                             Adv. Proc. No.

JESSE NAJJAR,
                              Defendant
------------------------------------------------------------------x

### COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF CLAIM

Plaintiff, Jack Lefkowitz (the "Plaintiff" or "Lefkowitz"), by and through his undersigned counsel, as and for his complaint (the "Complaint") against defendant Jesse Najjar (the "Defendant" or the "Debtor") alleges as follows:

### THE NATURE OF THE ADVERSARY PROCEEDING

1.      By this Complaint, Plaintiff seeks entry of an order and judgment pursuant to sections 523(a)(2)(A) and 523(a)(6) of title 11 of chapter five of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 7001(6), determining that indebtedness due to the Plaintiff from Defendant is excepted from discharge and granting a judgment of non-discharegability in favor of Plaintiff for the reasons more fully alleged below relating to false representations committed by the Defendant

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334, sections 105 and 523 of the Bankruptcy Code, Bankruptcy Rules 4007 and 7001(6) and the Standing Order of Referral of cases to this Court.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4. Venue of this Adversary proceeding is proper pursuant to 28 U.S.C. § 1409.

## THE PARTIES

5. The Plaintiff is an individual with a place of business at 11 Hanover Square, New York, New York.

6. The Defendant is the above-captioned Debtor

## SUBSTANTIVE ALLEGATIONS

7. In or about July 1998, the Defendant sold the Plaintiff two contracts held in the name of Monarch Direct LLC to purchase real property located on East 55th Street in New

York City.   In exchange therefor, Plaintiff paid the Defendant $615,000 in cash, and placed $1 million in escrow to be released to the Defendant at closing.

       8.      In the agreement between the Plaintiff and Defendant to purchase the contract rights, Monarch, Mr. Najjar's company, represented that there were no other agreements, contracts or understandings, verbal or written between Monarch and any other party affecting the property, and that if this representation was not true, Plaintiff would be entitled to the return of his $615,000, and the $1 million in escrow, plus attorneys fees.

      9.      In fact, Mr. Najjar and Monarch had entered into another understanding to sell the same the contract rights to an entity named B.H. Capital.

      10.      Subsequently, litigation ensued and on July 13, 1999, the Supreme Court of New York County entered judgment in favor of the Plaintiff, a copy of which is annexed hereto as Exhibit A.  That Judgment was based upon the July 13, 1999 decision of the Supreme Court, a copy of which is annexed hereto as Exhibit B.  The July 13, 1999 decision, in turn states at page 2 that the Supreme Court was adopting the findings of fact and conclusions of law set forth on pages 246 through 253 of the June 30, 1999 trial transcript, a copy of which is annexed hereto as Exhibit C.

      11.      Referring to the undisclosed B.H. Capital agreement, the Supreme Court found as follows on page 252 of the June 30, 1999 transcript: ". . . I would conclude there was a

breach of the letter agreement, there was – certainly, a statement that there was no agreements, contracts or understandings, verbal or written, was to say the least, misleading in view of what might be considered an exchange of correspondence, which someone could claim, not necessarily successfully, to be an offer and acceptance, and which led, in this case, to the institution of litigation by B.H. Capital, and the fling of lis pendens with respect to the these properties."

12. In summary, the Supreme Court has awarded judgment to the Plaintiff based upon its holding that the Defendant had taken the Plaintiff's money under "false pretenses," or, alternatively, based upon the "false representation" that there were no other agreements, etc. in existence to sell the contract rights when the Defendant sold them to the Plaintiff.

13. The Plaintiff recovered the $1 million held in escrow, but no more.

**COUNT 1:   Non-Dischargeability of a Debt Under 11 U.S.C. §523(a)(2)(A)**

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Section 523(a)(2)(A) of the Bankruptcy Code provides, in relevant part, that, "A discharge under section 727. . . of this title does not discharge an individual debtor from

any debt. . .for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud. . . "

16.    Defendant took the Plaintiff's money under "false pretenses," or, alternatively, based upon the "false representation" that there were no other agreements, etc. in existence to sell the contract rights when the Defendant sold them to the Plaintiff.

17.    As a direct and proximate result of the Defendant's wrongful conduct as described above, the Plaintiff suffered damages in an amount exceeding $615,000, representing a complete loss of the cash consideration Plaintiff paid for the contract rights, plus interest thereon, and attorneys fees.

## COUNT 2: Non-Dischargeability of a Debt Under 11 U.C.C. § 523(A)(6)

18.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.    Section 523(a)(6) of the Bankruptcy Code provides, in relevant part, that "A discharge under section 727. . . of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity."

20.     For the purpose of inducing the Plaintiff to purchase the contracts, Defendant false representations concerning existence of another understanding with another buyer to purchase the contracts.

21.     The Defendant knew at the time that his representation as set forth above was materially false and misleading or made the representations with reckless disregard as to their truthfulness or lack thereof.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court: (a) order that the Debtor's indebtedness to the Plaintiff as set forth in the judgment of the Supreme Court of New

York County constitutes a non-dischargeable debt pursuant to section 523 of the Bankruptcy Code, (b) award the Plaintiff his costs and reasonable attorney's fees for prosecution of this Adversary Proceeding, and (c) grant such other relief as is just and proper

Dated: New York, New York
December 4, 2006

                      JACK LEFKOWITZ

                      s/Jack Lefkowitz

                      BACKENROTH FRANKEL & KRINSKY, LLP
                      Attorneys for Jack Lefkowitz

                      By:    s/Mark Frankel
                             Mark A. Frankel (MF-8417)
                             A Member of the Firm
                             489 Fifth Avenue
                             New York, New York 10017
                             (212) 593-1100