UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                  :      Not for Publication

In re                                           :

Jesse Najjar,                           :      Chapter 7

          Debtor.                :      Case No. 06-10895 (AJG)
------------------------------------------------- x

Jack Lefkowitz,

          Plaintiff,

   -against-                    :      Adv. Pro. No. 06-01955 (AJG)

Jesse Najjar,

          Defendant.
------------------------------------------------------x

**OPINION DENYING DEFENDANT'S MOTION TO DISMISS**

**A P P E A R A N C E S**

BACKENROTH FRANKEL & KRINSKY, LLP
Attorneys for Plaintiff Jack Lefkowitz
489 Fifth Avenue
New York, New York 10017

    Mark Frankel, Esq.
    Of Counsel

LANCE ROGER SPODEK, P.C.
Attorney for Defendant Jesse Najjar
330 West 58th Street, Suite 306
New York, New York 10019-1822

    Lance Roger Spodek, Esq.
    Of Counsel

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

Jesse Najjar (the "Debtor" or "Defendant") has moved to dismiss the complaint filed by Jack Lefkowitz (the "Plaintiff") under Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr.P. 7012. Defendant asserts that the Plaintiff's complaint seeking a determination of nondischargeability (the "Complaint") is untimely because it was filed four months after the deadline for seeking such determination (the "Dischargeability Deadline"). Plaintiff alleges he is not bound by the Debtor's discharge because he was not provided adequate notice of the case nor of the Dischargeability Deadline. Section 523 of the Bankruptcy Code provides, in relevant part, that "a discharge . . . does not discharge an individual debtor from any debt . . . neither listed nor scheduled . . . in time to permit . . . timely request for a determination of dischargeability . . . unless such creditor had notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C. § 523(a)(3)(B). Plaintiff alleges that (1) Debtor failed to provide him with notice because Debtor used an old and incorrect address, and (2) Debtor's notice to Plaintiff's *former* law firm which he terminated years ago did not specifically reference Plaintiff. A hearing was held on the instant motion on March 7, 2007 (the "Hearing").

Based upon the pleadings filed and the arguments made at the Hearing, the Motion to Dismiss is denied. The Plaintiff has alleged sufficient facts to proceed with prosecution of the Complaint seeking a determination of the dischargeability of his claim. The Court notes that Section 523 of the Bankruptcy Code requires, among other things, proof concerning "actual knowledge" of the case prior to the expiration of the discharge objection deadline. After discovery on this issue, a summary judgment motion by one of the parties may be appropriate.

**I. Jurisdiction**

The Court has subject matter jurisdiction under sections 1334(b) and 157 (a) of title 28 of the United States Code and under the July 10, 1984 "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.). This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.

**II. Background**

*The State Court Proceeding*

In 1998, the parties entered into a contract regarding the assignment of certain real estate. In connection therewith, Plaintiff paid Defendant $615,000 in cash and placed $1 million in escrow to be released to Defendant upon closing. The transaction was never consummated and Plaintiff, through a law firm Greenberg Traurig, LLP ("Greenberg"), sued the Debtor alleging he had committed false representations with respect to the contract (the "State Court Proceeding"). On July 13, 1999, the Supreme Court of New York County issued a ruling and entered a money judgment in favor of Plaintiff (the "Judgment"). Plaintiff recovered the escrow but has not recovered his $615,000 cash payment (the "Claim").

*The Bankruptcy*

On April 27, 2006, the Debtor commenced a case under Chapter 7 of the Bankruptcy Code. The Debtor listed Plaintiff on Schedule F of its petition ("Schedule F") as "Creditor #: 5 Jack Lefkowitz, 11 Hanover Square, New York, NY 10005" (the "Hanover Square Notice").[1]

---

[1] This was Plaintiff's address in 1988 during the State Court Proceeding.

The Debtor also listed the Greenberg firm on Schedule F as "Greenberg Traurig, Esqs., 200 Park Avenue, New York, NY 10166."

On April 30, 2006, a notice of the 341 meeting (the "341 Notice") was mailed to the creditors listed on Schedule F. The 341 Notice stated that the deadline by which creditors were to file an objection to the Debtor's discharge or a complaint to determine dischargeability of certain debts was August 1, 2006. Plaintiff did not file an objection to Discharge or a complaint seeking to determine the dischargeability of his Claim prior to the Dischargeability Deadline. On November 7, 2006, the bankruptcy court entered its "Discharge of Debtor" (the "Discharge"). On December 4, 2006 -- four months after the deadline had passed -- Plaintiff filed the Complaint seeking a determination that his Claim be excepted from Discharge pursuant to sections 523(a)(2) and 523(a)(6) of the Bankruptcy Code.

### III. Discussion

*Standard on Motion to Dismiss*

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) only if no set of facts can be established that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must accept as true all material facts alleged and draw all reasonable inferences in favor of the plaintiff. *Schueur v. Rhodes*, 416 U.S. 232, 236 (1974); *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995). Legal conclusions, deductions, or opinions, however, are not afforded the same presumption of truthfulness. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive a motion to dismiss, "a plaintiff [..] need only allege, not *prove*, sufficient facts." *Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999). When ruling on a motion to dismiss, the court's role "is merely to assess the legal feasibility of the complaint,

not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (*quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984)).

*Standard on Notice*

Plaintiff alleges that neither the Hanover Square Notice nor the Greenberg Notice was sufficient to allow Plaintiff to make a timely request for a determination of the dischargeability of his Claim.

*1.    The Hanover Square Notice*

The Defendant listed Plaintiff on Schedule F at the Hanover Square address. Plaintiff alleges that such address was correct in 1998 at the time of the State Court Proceeding but that he relocated in 1999 to offices in the World Trade Center. After September 11, 2001, Plaintiff relocated to his current address at 1526 52nd Street in Brooklyn, New York. See Obj. to Mtn. to Dismiss at 11.

Section 523 of the Bankruptcy Code excepts from a debtor's discharge certain debts that a debtor fails to schedule in time to permit the creditor to either file a proof of claim or seek to have such debt excepted from discharge – unless, of course, the creditor had notice or actual knowledge of the bankruptcy case. 11 U.S.C. § 523 (a)(3)(B). The purpose behind this exception is to ensure that a creditor is afforded an opportunity to be heard with respect to its claim prior to the claim being discharged. *In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995). "The fundamental requisite of due process of law is the opportunity to be heard." *Id.* at 455 (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "The means to that end is 'notice reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 455.

In the context of Section 523 of the Bankruptcy Code, notice that affords due process is accomplished by a debtor's adherence to, among other things, the requirements of Section 521 of the Bankruptcy Code and Fed. R. Bankr. P. 1007. These rules require that a debtor, among other duties, prepare schedules listing creditors names and addresses. 11 U.S.C. § 521(1) and Fed. R. Bankr. P. 1007(a). This information is used to notify creditors of the commencement of the bankruptcy filing and the deadlines by which creditors must, among other things, file proofs of claim or institute nondischargeability actions. Given the significance of such deadlines and the mandate of due process, a debtor is required to use diligence in completing its schedules. *Lubeck v. Littlefield's Rest. Corp. (In re Fauchier)*, 71 B.R. 212, 215 (9th Cir. BAP 1987). The burden is on a debtor to use diligence which is reasonable under the circumstances of the case. *Faden v. Insurance Co. of N. Am. (In re Faden)*, 96 F.3d 792, 796 (5th Cir. 1996) *(citing In re Robertson*, 13 B.R. 726, 731 (Bankr. D. Va. 1981)) ("The diligence required of a debtor in completing such schedules must be 'reasonable diligence' under the particular circumstances of each case . . .[A]lthough a bankrupt is not required to exhaust every possible avenue of information in ascertaining a creditor's address, he must exercise reasonable diligence in accurately scheduling his debts").

Scheduling a creditor at an old address, without further diligence, has been found to be inadequate. *In re Fauchier* 71 B.R. at 215. ("[I]t does not appear from the record that the Debtor made any attempt to determine the [creditor's] correct address. This is the opposite of reasonable diligence. Addresses that are two years old do not constitute reasonable diligence").

Here, the Debtor scheduled Plaintiff at a seven year old address. No information has been presented as to what diligence, if any, the Debtor undertook to ascertain whether such address was current. Given that the State Court Proceeding ended in 1999 upon entry of the Judgement and that the parties appear to have terminated their professional relationship at that time, reasonable diligence would require that the Debtor have done more to confirm Plaintiff's address when preparing his schedules. As such, the Court finds that the Debtor did not duly schedule Plaintiff and thus did not afford Plaintiff notice in time to permit a timely request for a determination of dischargeability as required by Section 523 of the Bankruptcy Code.

### 2. *The Greenberg Notice*

The Debtor argues that, even if the Hanover Square Notice fails, the Greenberg Notice can be imputed to Plaintiff because Greenberg represented him in the State Court Proceeding and the Judgement rendered therein forms the basis for the Plaintiff's Complaint. The Court finds, however, that these facts, without more, do not provide a nexus sufficient to support imputing notice to the Plaintiff.

Notice served upon a party's counsel generally satisfies any requirement to give notice to that party. *Irwin v. Veterans Admin.*, 498 U.S. 89, 92 (1990) (*citing Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)). In bankruptcy cases, however, courts have held that notice served on a creditor's nonbankruptcy attorney imputes notice to the creditor "so long as there is a *nexus* between the creditor's retention of the attorney and the creditor's claim against the debtor." *San Miguel Sandoval v. Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 508 (1st Cir. BAP 2005).

A nexus has been found sufficient to support imputing notice to a creditor where such creditor's nonbankruptcy attorney participated in the bankruptcy case. See, e.g., *Id.*, 327 B.R. 493 (notice to creditor's attorneys satisfied creditor's due process because attorneys had actual knowledge of the pendency of the bankruptcy and one of them appeared on the creditor's behalf at the 341 meeting and at the first confirmation hearing); *Curtis v. LaSalle Nat'l Bank (In re Curtis)*, 322 B.R. 470 (Bankr. D. Mass. 2005) (a creditor was bound by the knowledge held by its attorney who had appeared in the bankruptcy case, notwithstanding that notice had not separately been given to creditor) and *In re Glow*, 111 B.R. 209 (Bankr. N.D. Ind. 1990) (notice to creditor's attorney was imputed to creditor where attorney had actual notice of the bankruptcy by debtor's service on him of the automatic stay and written notice of the continuance of the 341 meeting and by his own examination of the debtor at the 341 meeting).

A sufficient nexus was also found to support imputing notice where an attorney did not participate in the bankruptcy case but whose activity on behalf of the creditor in a nonbankruptcy proceeding was significant and ongoing at the time of the bankruptcy. In *In re Linzer,* 264 B.R. 243 (Bankr. E.D.N.Y. 2001), for example, notice was imputed to a creditor whose attorney was actively engaged in prosecuting the creditor's claim against the debtor before a NASD arbitration panel, which proceeding was ongoing at the time of the debtor's filing. The court held that the attorney was an authorized agent of the creditor and that service upon him of a courtesy copy of a letter sent by the debtor to the NASD informing them of the bankruptcy imputed notice of his bankruptcy to the creditor.

Courts have not imputed an attorney's notice to a creditor where the notice was given on behalf of a claim held by another party. *Maldonado v. Ramirez (In re Maldonado)*, 757 F.2d 48,

51 (3d Cir. 1985) ("... [A]n attorney given notice of the bankruptcy on behalf of a particular client is not called upon to review all of his or her files to ascertain whether any other client may also have a claim against the bankrupt). Additionally, the mere fact that an attorney represented a creditor in a nonbankruptcy proceeding was insufficient for purposes of imputing notice. *In re Fauchier*, 71 B.R. at 215 ("an attorney who has represented a creditor in state court proceedings does not, by virtue of that relationship alone, represent the creditor with respect to the same debt in a federal bankruptcy proceeding"). The Court in *Fauchier* remanded the case to determine whether the prepetition attorneys had been authorized to collect the underlying debt.

Notice to an attorney was also found insufficient to impute notice to a creditor where the notice did not reference the client at hand or the specific attorney involved. See *Maldonado,* 757 F.2d at 51 ("Notice sent to an authorized attorney or agent must at least signify the client for whom it is intended so that the attorney can know whom to advise to assert a claim in bankruptcy"); *In re Greater Southeast Comm. Hosp. Corp.*, 324 B.R. 162 (Bankr. D.C. 2005) *(*notice was insufficient where it was not addressed to a particular attorney or to any client care of the creditor's law firm).

The Debtor has cited *In re Griggs*, 306 B.R. 660 (Bankr. W.D. Mo. 2004) in support of imputing the Greenberg Notice to Plaintiff. The Debtor states that the *Griggs* case is "a case with almost identical facts to the case at bar". Memo of Law in Supp. at 5. The Court disagrees. In *Griggs,* the Court found the nonbankruptcy attorney to be an agent for the creditor and imputed notice because, among other facts, (1) the attorney was aware of the bankruptcy case immediately after if was filed, (2) the debtor mailed the attorney a letter concerning the bankruptcy and the attorney acknowledged having received it, and (3) the attorney entered an

9

appearance on behalf of the creditor at the 341 meeting. The Greenberg firm has not participated at all in the Debtor's bankruptcy case.

The Debtor also points to *In re Schicke*, 290 B.R. 792 (10th Cir. BAP 2003) in support of its argument. The issue in *Schicke* was whether the debtor had properly listed the creditor in care of its attorney or whether the debtor was required to schedule the creditor at it's own address. The Court found that it may be appropriate in certain circumstances for a debtor to schedule a creditor in care of it's attorney provided the attorney is an agent in matters related to the debtor. *Schicke* at 804. There, the attorney had represented the creditor during a state court proceeding commenced 12 years prior to the bankruptcy filing. The Court found notice to the attorney appropriate because the creditor's name had changed and no address had ever been disclosed for the creditor either in the state court action or the judgment. The Court found that the attorney's last appearance in the state court action, five years prior to the debtor's filing, wherein the attorney filed a "Request for Execution," constituted, under Kansas agency law, a representation to third parties that the attorney was an agent for the creditor in that proceeding. The unique circumstances of there being no address for the creditor coupled with the creditor's name change made it reasonable for the debtor to schedule the creditor at its attorney's address. The *Schicke* circumstances are very different from those present here.

Based on all of the above, the Court finds that the Greenberg Notice cannot be imputed to Plaintiff. A sufficient nexus does not exist between Greenberg's representation of Plaintiff in the State Court Proceeding and Plaintiff's Claim against the Debtor. Greenberg's representation of Plaintiff ended seven years ago. Greenberg did not have the authority to, nor did it pursue any collection efforts on behalf of Plaintiff. Following entry of the Judgment, Greenberg's

representation allegedly terminated. As such, the Court finds that the Greenberg Notice did not impute to Plaintiff notice sufficient to allow him to make a timely request for a determination of dischargeability under Section 523 of the Bankruptcy Code.

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss is denied.

Dated: New York, New York
      May 11, 2007

                                      **s/Arthur J. Gonzalez**
                                      UNITED STATES BANKRUPTCY JUDGE